IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
MAURICE BROWN,                    )
                                  )
     Plaintiff,                   )
                                  )
     v.                           )    No. 2:15-CV-118
                                  )
21ST MORTGAGE CORPORATION         )
                                  )
     Defendant.                   )
```

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Subject-Matter Jurisdiction or, alternatively, for Failure to State a Claim, filed on June 12, 2015. For the reasons set forth below, this motion is **GRANTED.** Brown's complaint is **DISMISSED WITHOUT PREJUDICE.**

BACKGROUND

On March 30, 2015, Maurice Brown ("Brown") filed a *pro se* complaint against 21st Mortgage Corporation ("21st Mortgage"). The arguments presented in Brown's complaint are extremely difficult to follow. Brown claims that jurisdiction is based on the First Amendment of the U.S. Constitution, and he asserts that 21st

Mortgage discriminated against him based on his race and disability.

It appears that 21st Mortgage sought and received a foreclosure judgment against Brown in an Indiana state court. Brown appealed that judgment. 21st Mortgage then filed a motion to dismiss the appeal. In that motion, it appears that 21st Mortgage represented that the property at issue was unoccupied. Brown's appeal was unsuccessful.

In this action, Brown contends that, when 21st Mortgage represented in the motion to dismiss that the property was not occupied, it knew the statement was untrue. Brown also contends that 21st Mortgage assumed he was a substandard reader because he is black, and that 21st Mortgage acted with the intention of bothering his disabilities. Brown seeks punitive damages to deter 21st Mortgage from similar conduct in the future.

In response to Brown's complaint filed in this Court, 21st Mortgage has filed the instant motion to dismiss. 21st Mortgage asserts that this Court lacks subject matter jurisdiction both because he has failed to state a federal claim and because his claims are barred by the *Rooker-Feldman* Doctrine. Additionally, 21st Mortgage argued that, if not barred, Brown's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Brown did not file a response to the instant motion. This matter is ripe for adjudication.

DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. Federal courts are courts of limited jurisdiction. *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). The party asserting jurisdiction has the burden of establishing that the cause lies within the federal court's limited jurisdiction. *Id.* Furthermore, this Court has an obligation to ensure that it has proper subject matter jurisdiction over each lawsuit that it brought in this Court. *See Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005).

In order to avoid dismissal for lack of subject matter jurisdiction, a plaintiff must demonstrate that either diversity jurisdiction or federal question jurisdiction exists. *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013). Diversity jurisdiction, pursuant to 28 U.S.C. section 1332, requires complete diversity of citizenship between the plaintiffs and the defendants and the proper amount in controversy (more than $75,000). *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). Brown has not alleged diversity jurisdiction and nothing in Brown's complaint suggests that there is diversity of citizenship between the parties.

Federal question jurisdiction, pursuant to 28 U.S.C. section 1331, requires that the action arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Ordinarily, the basis for federal-question jurisdiction must be apparent from the face of the plaintiff's well-pleaded complaint." *Crosby v. Cooper B-Line, Inc.,* 725 F.3d 795, 800 (7th Cir. 2013); *see also Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Association,* 707 F.3d 883 (7th Cir. 2013). The *only* mention of any federal constitutional provision, law or treaty in Brown's complaint are references to the First Amendment. The First Amendment to the Constitution guarantees "the right of the people ... to petition the Government for a redress of grievances." U.S. Const. Amend. I. The Supreme Court has recognized the right to petition as "one of the most precious of the liberties safeguarded by the Bill of Rights." *BE & K Constr. Co. v. NLRB,* 536 U.S. 516, 524 (2002)(citation and internal quotations omitted). The right to petition the courts guaranteed by the First Amendment is not, however, an absolute right. *See Wright v. DeArmond*, 977 F.2d 339, 347 (7th Cir. 1992); *see also U.S. Postal Serv. v. Hustler Magazine, Inc.,* 630 F.Supp. 867, 872 (D.D.C.1986) ("While the right to petition Government is among the most precious of the liberties safeguarded by the Bill of Rights, we recognize that this right, like many rights, is not absolute but can be subject to reasonable limitations.")(citation and internal quotations omitted).

Although Brown references the First Amendment and his right to petition the courts, the complaint does not appear to bring any claims that arise "under the Constitution, laws, or treaties of the United States." The mere mention of a constitutional provision is insufficient to provide subject matter jurisdiction where there is not also a claim arising under that provision.

Assuming for a moment that Brown has stated a cause of action under the First Amendment such that this Court could exercise subject matter jurisdiction over his claim, Brown has another problem: the *Rooker-Feldman* doctrine would bar his claim. The *Rooker-Feldman* doctrine prohibits federal district courts from reviewing state court civil judgments, including all claims that are inextricably intertwined with those judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine is based upon recognition of the fact that lower federal courts generally do not have the power to exercise appellate review over state court decisions. In *Rooker*, the Supreme Court held that even if a state court decision was wrong, only that state's appellate court has the power to reverse or modify that judgment, since the jurisdiction of federal district courts is strictly original. *Rooker*, 263 U.S. at 415-16. Similarly, the Supreme Court in *Feldman* held that "a United States District Court has no authority to review final judgments of a

5

state court in judicial proceedings." *Feldman*, 460 U.S. at 482. This circuit has consistently emphasized that "[t]aken together, *Rooker* and *Feldman* stand for the proposition that lower federal courts lack jurisdiction to engage in appellate review of state-court determinations." *Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993) (quotation omitted). "In order to determine the applicability of the *Rooker-Feldman* doctrine, the fundamental and appropriate question to ask is whether the alleged injury by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). "If the alleged injury resulted from the state court judgment itself, *Rooker-Feldman* directs that the lower federal court lacks jurisdiction." *Id*. The key element in a *Rooker-Feldman* analysis is whether the federal claim alleges that the injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy. *Long v. Shorebank Development Corp.*, 182 F.3d 548, 555 (7th Cir. 1999). "A plaintiff may not circumvent the effect of the *Rooker-Feldman* doctrine simply by casting [a] complaint in the form of a federal civil rights action." *Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999). The Seventh Circuit has held that "[i]f the injury alleged resulted from the state court judgment itself, the *Rooker-Feldman* doctrine dictates that the federal courts lack

subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional." *Rizzo v. Sheahan*, 266 F.3d 705, 713 (7th Cir. 2001) (citation omitted).

Brown's complaint is difficult to interpret. It appears, however, that Brown lost his state court battle with 21st Mortgage and that he believes he suffered that loss because of the false representation made by 21st Mortgage. While Brown does not explicitly ask this Court to review and reject the state court's judgment, an assessment of what injuries the alleged false statement could have caused cannot be separated from a review of the state court judgment. As such, Brown's claims are barred by *Rocker-Feldman*. Accordingly, the Court lacks subject matter jurisdiction to hear these claims, and 21st Mortgage's motion to dismiss is **GRANTED.**[1]

CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Subject-Matter Jurisdiction or, alternatively, for Failure to State a Claim, filed on June 12,

---

[1] Because this Court has determined that it lacks subject matter jurisdiction over Brown's claims, 21st Mortgage's arguments under Federal Rule of Civil Procedure 12(b)(6) will not be addressed in detail. There are, however, serious problems with the instant complaint, and if the Court had subject matter jurisdiction, the complaint would have been dismissed under Rule 12(b)(6) for failure to state a claim. The complaint is vague, conclusory, and confusing, and does not give a defendant fair notice of the claims being brought or the grounds for such claims. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

2015, is **GRANTED**. Brown's complaint is **DISMISSED WITHOUT PREJUDICE.**


DATED: January 29, 2016              /s/RUDY LOZANO, Judge
                                     United States District Court